UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVE COLEMAN,

    Plaintiff

v.

BRIAN SMITH, et al.,

    Defendants

Case No.: 3:23-cv-00232-ARTCSD

**Order**

Re: ECF Nos. 28, 29

Before the court is motion for leave to amend and proposed first amended complaint (FAC) and motion for leave to add additional parties (which is duplicative of the motion for leave to amend). (ECF Nos. 28, 28-1, 29.) Defendants filed a response. (ECF No. 31.) Plaintiff filed a reply. (ECF No. 32.)

For the reasons set forth below, the motions are denied without prejudice, and Plaintiff will be given another opportunity to submit an amended complaint.

**I. DISCUSSION**

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. The court screened his original complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against defendants Brian Smith, John Keast (misidentified by Plaintiff as Keist), Bob Faulkner, Kimberly McCoy, and Erin Parks based on allegations that they failed to provide him with adequate medical care for his serious eye condition and allowed him to be transferred to other prison facilities which further delayed his

care. (ECF No. 4.) Defendant Rivas was dismissed because there was no basis for holding him liable on a supervisory basis. (*Id.*)

Plaintiff has filed a motion for leave to amend, asserting that during the case management conference (CMC) that Brian Smith was not working in the role of Director of Nursing Services (DONS) at Warm Springs Correctional Center (WSCC) during the time period giving rise to his allegations, but Candice Rambur and/or Megan Sullivan were in that role. Smith was voluntarily dismissed at the CMC, and Plaintiff seeks to amend to assert claims against Rambur and Sullivan in place of Smith.

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

## III. DISCUSSION

Plaintiff's proposed FAC has multiple deficiencies that need to be corrected.

First, the FAC still names Brian Smith in the caption; John Keast's name is spelled incorrectly (it should be Keast and not Keist); Erin Parks name is spelled incorrectly (it should be

Erin and not Aaron); and David Rivas is still listed as a defendant and mentioned in the conclusion of the proposed FAC.

Second, Defendants have advised that in fact Megan Sullivan did not work at WSCC during the relevant time period, and instead, a Patti Smith may be a proper defendant (along with Candice Rambur). Plaintiff indicates in his reply brief that he would like to name Patti Smith in place of Megan Sullivan.

Third, the proposed FAC references the Fourteenth Amendment when Plaintiff's claims are properly asserted under the Eighth Amendment.

Plaintiff asks the court to simply adopt these changes without actually correcting them in his proposed pleading. The court declines to do so. Instead, the court will deny Plaintiff's motion for leave to amend without prejudice and will give Plaintiff one more opportunity to submit a proposed amended complaint that corrects the deficiencies noted above.

### IV. CONCLUSION

Plaintiff's motion for leave to amend and motion to add additional parties (ECF Nos. 28, 29) are **DENIED WITHOUT PREJUDICE**. Plaintiff has up to and including **January 3, 2025,** to file a motion for leave to amend and proposed FAC that corrects the deficiencies noted above.

**IT IS SO ORDERED**.

Dated: December 12, 2024

_____
Craig S. Denney
United States Magistrate Judge