UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVE COLEMAN,

    Plaintiff

v.

BRIAN SMITH, et al.,

    Defendants

Case No.: 3:23-cv-00232-ART-CSD

**Order**

Re: ECF No. 69

Plaintiff filed a motion to compel discovery. (ECF No. 69.) Defendants filed a response. (ECF No. 70.) Plaintiff did not file a reply. For the reasons set forth below, Plaintiff's motion is denied.

**I. BACKGROUND**

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), and he is proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The court screened his original complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Brian Smith, John Keast[1], Bob Faulkner, Kimberly McCoy, and Aaron Parks. (ECF No. 4.) Plaintiff alleges these Defendants ignored his many requests to obtain medical care for his eye and delayed his access to medical care. Plaintiff was permitted to amend his complaint to add Candis Rambur and Patti Smith as defendants. (ECF Nos. 46, 47.) Plaintiff subsequently voluntarily agreed to the dismissal of Patti Smith and Bob Faulkner. (ECF No. 68.)

---

[1] Named by Plaintiff in the complaint as Keist.

On July 21, 2025, Plaintiff filed a motion to compel discovery, including interrogatories served on Patti Smith and Candis Rambur, requests for admissions served on Candis Rambur, and requests for the production of receipts for delivery of saline and contact lens solution from September 2022 to June 2023. (ECF No. 63.)

After the motion was fully briefed, the court held a hearing on August 18, 2025. At the hearing, defense counsel Mr. Regalia advised that all discovery responses were provided for defendant Rambur, and the receipts for the saline and contact solution were mailed to Plaintiff on August 14, 2025. The court ordered Mr. Regalia to schedule a meet and confer with Plaintiff by August 25, 2025, to confirm that Plaintiff received the discovery mailed to him. (ECF No. 68.)

On August 28, 2025, Plaintiff filed this motion to compel which is virtually identical to the motion filed on July 21, 2025. (ECF No. 69.) Plaintiff again seeks to compel responses to interrogatories served on Patti Smith and Candis Rambur, requests for admissions served on Candis Rambur, and receipts for delivery of saline and contact lens solution from September 2022 through June 2023.

## II. DISCUSSION

Preliminarily, Plaintiff seeks to compel interrogatory responses from Patti Smith, but he agreed to voluntarily dismiss Patti Smith from this action at the August 18, 2025 hearing. Therefore, to the extent Plaintiff seeks an order compelling responses to discovery from Patti Smith, his motion is denied.

Moreover, Plaintiff did not engage in a sufficient meet and confer effort prior to filing this motion.

A party moving to compel discovery must provide a declaration certifying that despite a sincere effort to resolve or narrow the dispute during the meet and confer conference, the parties

were unable to resole or narrow the dispute without court intervention. LR IA 1-3(2); LR 26-6(c). The failure to engage in the meet and confer process justifies denial of the motion. LR IA 1-3(4).

Plaintiff's motion contains a declaration stating that he met and conferred on January 22, 2025, April 24, 2025, May 22, 2025, June 11, 2025, and July 2, 2025. (ECF No. 69 at 10.)

At the August 18, 2025 hearing, defense counsel represented to the court that the discovery had been produced. The court directed the parties to meet and confer again before August 25, 2025. According to defense counsel, the required meet and confer could not take place because of the statewide outage which disrupted counsel's ability to set up the meet and confer session. He is in the process of rescheduling the meet and confer.

Without engaging in further meet and confer efforts, Plaintiff re-filed his motion to compel. Defense counsel is correct that the motion fails to specify what discovery is still at issue, and the parties have not yet engaged in the court ordered meet and confer.

For these reasons, Plaintiff's motion to compel will be denied as premature. The parties are directed to participate in the required meet and confer in the next 21 days. If there are still unresolved discovery issues, Plaintiff may file a motion to compel that complies with the Local Rules and the scheduling order with respect to the meet and confer requirement and contents of a discovery motion.

///
///
///
///

### III. CONCLUSION

Plaintiff's motion to compel (ECF No. 69) is **DENIED**. The parties shall participate in the required meet and confer within **21 days** of the date of this Order. If there are still unresolved discovery issues, Plaintiff may file a motion to compel that complies with the Local Rules and the scheduling order with respect to the meet and confer requirement and contents of a discovery motion.

**IT IS SO ORDERED**.

Dated: September 23, 2025

_____
Craig S. Denney
United States Magistrate Judge