**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVE COLEMAN,

    Plaintiff

v.

BRIAN SMITH, et al.,

    Defendants

Case No.: 3:23-cv-00232-ART-CSD

**Order**

Re: ECF Nos. 87, 88

Plaintiff has filed a motion requesting an extension of the discovery deadline by 45 days (ECF No. 87), which Defendants do not oppose (ECF No. 90). Plaintiff also filed a motion requesting sanctions be imposed as a result of Defendants' failure to supplement an earlier discovery response with information concerning the correct defendant (ECF No. 88), which Defendants oppose (ECF No. 89).

**I. Motion for Extension of Discovery Deadline (ECF No. 87)**

Plaintiff's motion for a 45-day extension of the discovery deadline (ECF No. 87) is **GRANTED**. The existing deadlines in this case are amended as follows:

| Discovery | **April 3, 2026** |
|---|---|
| Dispositive Motions | **May 1, 2026** |
| Joint Pretrial Order | **June 1, 2026** (or 30 days after a decision on any dispositive motion filed) |

**II. Motion for Sanctions (ECF No. 88)**

After being informed by defense counsel that Megan Sullivan was the director of nursing (DON) at Warm Springs Correctional Center (WSCC) for the relevant time period, Plaintiff

propounded requests for admissions on Sullivan, that said she was only the DON at WSCC from October 2021 until January 2022. (ECF No. 88 at 22-23.) Plaintiff contends that Defendants failed to disclose who took over for Sullivan for the remainder of the relevant time period.

This was after the court noted that it took Defendants two years to identify the correct DON at WSCC for purposes of Plaintiff's claim. (*See* ECF No. 83.) In its December 17, 2025, order, the court expressed that it shared Plaintiff's frustration in this regard, but took Deputy Attorney General Regalia at his word that this information was correct. The court advised Plaintiff that if it turned out Sullivan was not the proper defendant, Plaintiff could bring a motion seeking appropriate sanctions against defendants and their counsel. (*Id*.)

According to Defendants, there was a mistake in Sullivan's response to Plaintiff's request for admission concerning the date range of her employment at WSCC. This error was discovered when Plaintiff filed this motion, and Sullivan has since served an amended response indicating that she was a correctional nurse at WSCC from October 2022 until January 2022, and was promoted to DON in January 2022 until WSCC's closure. (ECF No. 89-3 at 4.) As such, Sullivan is in fact the proper defendant for the relevant time period.

The court is again frustrated with Defendants' lack of care in preparing the responses to discovery, particularly in light of the delays that have already occurred in this matter. Nevertheless, Defendants have corrected their mistake. It appears that Ms. Sullivan is in fact the correct defendant; therefore, sanctions appear inappropriate at this juncture.

Plaintiff's motion for sanctions (ECF No. 88) is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 10, 2026

_____
Craig S. Denney
United States Magistrate Judge

2