**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVE COLEMAN,

    Plaintiff

v.

BRIAN SMITH, et al.,

    Defendants

Case No.: 3:23-cv-00232-ART-CSD

**Order**

Re: ECF No. 92

Plaintiff has filed a motion for reconsideration of the court's order denying the imposition of sanctions. (ECF No. 92.) Defendants oppose Plaintiff's motion. (ECF No. 93.)

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted); *see also* LR 59-1(a). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). Reconsideration may be appropriate if: "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* "A movant

must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b).

Plaintiff asserts the court has given Defendants another opportunity based on false and misleading statements. Plaintiff asserts that defense counsel ignored Plaintiff's letters and caused unnecessary delay, and requiring Plaintiff to come to court to resolve this issue.

The court appreciates and shares in Plaintiff's frustration concerning the considerable delay by defense counsel in identifying the correct director of nursing defendant. However, the court has ruled that the mistake has ultimately been corrected, and denied Plaintiff's request for the imposition of sanctions. Plaintiff has not set forth newly discovered evidence to justify reconsideration of that order. Instead, he repeats or reiterates arguments made in connection with the original motion. Nor has he set forth an intervening change in controlling law, or demonstrated the court committed clear error.

For these reasons, Plaintiff's motion for reconsideration (ECF No. 92) is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 7, 2026

_____
Craig S. Denney
United States Magistrate Judge