AARON D. FORD
 Attorney General
JOHN REGALIA (Bar No. 16969)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3106 (phone)
(702) 486-3768 (fax)

*Attorneys for Defendants*
*Bob Faulkner, John Keast,*
*Kimberley McCoy, Erin Parks,*
*Patricia Smith and Megan Sullivan*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVE COLEMAN, | Case No. 3:23-cv-00232-ART-CSD |
| Plaintiff, | |
| v. | **ORDER GRANTING STIPULATION FOR EXTENSION TO THE DISPOSITIVE MOTION DEADLINE** |
| BRIAN SMITH, et al., | **(FIRST REQUEST)** |
| Defendants. | |

Plaintiff, Steve Coleman, *pro se*, and Defendants, Bob Faulkner, John Keast, Kimberley McCoy, Erin Parks, Patricia Smith, and Megan Sullivan, by and through Aaron D. Ford, Attorney General for the State of Nevada, and John Regalia, Deputy Attorney General, hereby respectfully submit the following Stipulation to extend dispositive deadlines.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PROCEDURAL HISTORY**

This is a *pro se* civil rights lawsuit under 42 U.S.C. § 1983 brought by Steve Coleman (Coleman). On April 19, 2024, this Court issued its Screening Order, allowing Coleman to proceed on an Eighth Amendment claim for an alleged deliberate indifference to Coleman's eye condition against Defendants Smith, Keast, Faulkner, McCoy, and Parks. ECF No. 4 at 9:1-3.

Both parties have expressed an interest in reaching a potential settlement prior to filing dispositive motions. Parties are thus seeking a short extension of the dispositive motion deadline to determine if settlement is feasible prior to the filing of dispositive motions.

## II.   LEGAL STANDARD

Motions to extend deadlines set out in a discovery plan or scheduling order are governed by Fed. R. Civ. P. 16(b)(4) and LR 26-3. To prevail on a motion to extend a scheduling order deadline, the moving party must show "good cause." *Id.*

To demonstrate good cause, the parties must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV-1003997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

A stipulation is an agreement between the parties as to a fact of the case, and, as such, it is evidence introduced by both of the parties. *U.S. v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000). Stipulations relating to proceedings before the court . . . must be in writing and signed by all parties who have appeared or their attorneys. LR 7-1(a). No stipulation relating to proceedings before the court . . . are effective until approved by the court. LR 7-1(b).

## III.   ARGUMENT

Parties have agreed to a thirty (30) day extension of the dispositive motion deadline. Parties contend good cause exists to discuss a potential settlement before filing dispositive motions in the case. This time will allow parties to discuss a potential settlement and prepare for a potential dispositive motion if settlement cannot be reached.

///

///

## IV.    PROPOSED DEADLINE

- Current Dispositive Motion Deadline April 30, 2026.

- Proposed Dispositive Motion Deadline May 31, 2026

DATED this 30th day of April, 2026.    DATED this 30th day of April, 2026.

By: /s/  Steve Coleman[1]            By: /s/ John Regalia
STEVE COLEMAN #72160         JOHN REGALIA (Bar No. 16969)
*Plaintiff, Pro Se*                Deputy Attorney General
                           *Attorneys for Defendants*

## ORDER

IT IS SO ORDERED.

*C S &*

UNITED STATES MAGISTRATE JUDGE

DATE:  May 1, 2026

---

[1] There was a minor error in the caption of the original stipulation. This stipulation with Plaintiff's signature is filed as an attachment.

# ATTACHMENT

# Original Signed Stipulation

# ATTACHMENT

AARON D. FORD
  Attorney General
JOHN REGALIA (Bar No. 16969)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3106 (phone)
(702) 486-3768 (fax)

*Attorneys for Defendants,*
*Bob Faulkner, John Keast,*
*Kimberley McCoy, Erin Parks,*
*Patricia Smith and Megan Sullivan*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVE COLEMAN,<br><br>                  Plaintiff,<br><br>v.<br><br>BRIAN SMITH, et al.,<br><br>                  Defendants. | Case No. 2:24-cv-00979-JAD-NJK<br><br>**STIPULATION FOR EXTENSION TO THE DISPOSITIVE MOTION DEADLINE** |

Plaintiff, Steve Coleman , *pro se*, and Defendants, Bob Faulkner, John Keast, Kimberley McCoy, Erin Parks, Patricia Smith, and Megan Sullivan, by and through Aaron D. Ford, Attorney General for the State of Nevada, and John Regalia, Deputy Attorney General, hereby respectfully submit the following Stipulation to extend dispositive deadlines.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PROCEDURAL HISTORY

This is a pro se civil rights lawsuit under 42 U.S.C. § 1983 brought by Steve Coleman (Coleman). On April 19, 2024, this Court issued its Screening Order, allowing Coleman to proceed on an Eighth Amendment claim for an alleged deliberate indifference to Coleman's eye condition against Defendants Smith, Keast, Faulkner, McCoy, and Parks. ECF No. 4 at 9:1-3.

Both parties have expressed an interest in reaching a potential settlement prior to filing dispositive motions. Parties are thus seeking a short extension of the dispositive motion deadline to determine if settlement is feasible prior to the filing of dispositive motions.

## II.    LEGAL STANDARD

Motions to extend deadlines set out in a discovery plan or scheduling order are governed by Fed. R. Civ. P. 16(b)(4) and LR 26-3. To prevail on a motion to extend a scheduling order deadline, the moving party must show "good cause." *Id.*

To demonstrate good cause, the parties must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV-1003997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

A stipulation is an agreement between the parties as to a fact of the case, and, as such, it is evidence introduced by both of the parties. *U.S. v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000). Stipulations relating to proceedings before the court... must be in writing and signed by all parties who have appeared or their attorneys. LR 7-1(a). No stipulation relating to proceedings before the court ... are effective until approved by the court. LR 7-1(b).

///

///

///

///

///

///

///

## III.   ARGUMENT

Parties have agreed to a thirty (30) day extension of the dispositive motion deadline. Parties contend good cause exists to discuss a potential settlement before filing dispositive motions in the case. This time will allow parties to discuss a potential settlement and prepare for a potential dispositive motion if settlement can't be reached.

## IV.   PROPOSED DEADLINE

- Current Dispositive Motion Deadline April 31, 2026.
- Proposed Dispositive Motion Deadline May 31, 2026

DATED this 30th day of April, 2026.   DATED this 30th day of April, 2026.

By: /s/ _____      By: /s/ John Regalia _____

Steve Coleman #72160                  John Regalia (Bar No. 16969)

Plaintiff, *pro se*                   Deputy Attorney General

**ORDER**

IT IS SO ORDERED.

_____

UNITED STATES MAGISTRATE JUDGE

DATE: _____

Page **3** of **3**