UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVE COLEMAN,

Plaintiff,

v.

BRIAN SMITH, et al.,

Defendants.

Case No. 3:23-cv-232-ART-CSD

ORDER ON PLAINTIFF'S MOTION TO FILE EXCESS PAGES (ECF No. 104) and ADDENDUM TO HIS OPPOSITION (ECF No. 107) and DEFENDANT'S MOTION TO SEAL (ECF No. 100)

Plaintiff Steve Coleman, an inmate currently in the custody of the Nevada Department of Corrections, brings this complaint under 42 U.S.C. § 1983 for events that took place at Warm Springs Correctional Center ("WSCC"), Northern Nevada Correctional Center ("NNCC"), Southern Desert Correctional Center ("SDCC"), and Lovelock Correctional Center ("LCC"). (ECF No. 47.) Mr. Coleman sues Patti Smith, Megan Sullivan, Bob Faulkner, Mrs. McCoy, John Krost, and Erin Parks for deliberate indifference to his medical need. (*Id.*)

Before the Court are Mr. Coleman's motions to file excess pages in support of his opposition to the Defendants' motion for summary judgment (ECF No. 104) and file an addendum to his opposition to the Defendants' motion for summary judgment (ECF No. 107). Also before the Court is Defendant's motion to file Exhibits B and D in support of its motion for summary judgment under seal. (ECF No. 100.)

For the following reasons, the Court grants Mr. Coleman's motions to file excess pages and an addendum to his opposition as well as Defendants' motion to seal.

## I. Motions for Leave to File Excess Pages

Local Rule 7-3 limits motions for summary judgment to 30 pages. LR 7-3(a). A party may file a motion for leave to file a motion in excess of these page

limits. LR 7-3(c). Such a motion is disfavored under the local rules and will be granted only upon a showing of good cause. *Id.* A district court has broad discretion in applying their local rules. *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983).

**A. Plaintiff's Motion for Leave to File Excess Pages (ECF No. 104)**

Mr. Coleman requests leave to file a 28-page extension to his opposition to Defendants' motion for summary judgment. (ECF No. 104.) He argues that his motion is complex because it alleges claims against four different Defendants holding different positions in four institutions. (*Id.* at 3.) Defendants oppose the motion, arguing that because Mr. Coleman is pursuing a single claim of medical deliberate indifference, he has not provided good cause for the excess pages. (ECF No. 108.)

The Court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In light of Mr. Coleman's *pro se* status, the Court finds there is good cause to grant his motion.

**B. Plaintiff's Motion for Leave to File an Addendum to His Opposition (ECF No. 107)**

Mr. Coleman also requests leave to file an addendum to his opposition to the Defendants' motion for summary judgment. (ECF No. 107.) He argues that he was only able to view his medical file in connection to the Defendants' motion for summary judgment three days after he filed his opposition to Defendants' motion, in which he learned of additional facts under which he would like to plead "additional theories of relief." (*Id.* at 3.) Defendants argue that Mr. Coleman should not be granted leave to file a sur-reply because he was provided his medical file in 2024 and already requested leave to file a 28-page extension. (ECF No. 109.)

Mr. Coleman's addendum, attached to his motion, is only four pages long,

with two exhibits. (ECF No. 107, 10-17.) Defendants have not yet filed a reply to Mr. Coleman's response. As stated above, the Court affords *pro se* litigants the benefit of any reasonable doubt. Therefore, the Court will grant Mr. Coleman's motion.

**II. Motion to Seal (ECF No. 100)**

Defendants move to seal Exhibits B and D in support of their motion for summary judgment because they contain Mr. Coleman's confidential medical records. The motion to seal is unopposed.

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

Here, Defendants seek to file exhibits under seal in connection with the motion for summary judgment, which is "more than tangentially related" to the merits of a case. Therefore, the compelling reasons standard applies.

Under the compelling reasons standard, "a court may seal records only

when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

This Court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records, since medical records contain sensitive and private information about a person's health. *See, e.g.*, *Spahr v. Med. Dir. Ely State Prison*, No. 3:19-CV-0267-MMD-CLB, 2020 WL 137459, at *2 (D. Nev. Jan. 10, 2020); *Sapp v. Ada Cnty. Med. Dep't*, No. 1:15-CV-00594-BLW, 2018 WL 3613978, at *6 (D. Idaho July 27, 2018); *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013). While certain aspects of a party's medical condition may be at issue in certain types of actions, that does not mean that all medical records filed in connection with a motion (which often contain unrelated medical information) must be broadcast to the public. In other words, the party's interest in keeping sensitive health information confidential outweighs the public's need for direct access to the medical records.

Here, the referenced exhibits contain Mr. Coleman's sensitive health information, medical history, and treatment records. Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of these medical records weighs in favor of sealing these exhibits. Therefore, Defendants' motion to seal, (ECF No. 100) is granted.

## III. CONCLUSION

It is therefore ordered that Plaintiff's motion for leave to file excess pages (ECF No. 104) is GRANTED,

It is further ordered that Plaintiff's motion for leave to file an addendum to his opposition (ECF No. 107) is GRANTED.

It is further ordered that Defendants' motion to seal (ECF No. 100) is GRANTED.

Dated this 9th day of October, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE